United States District Court
Southern District of Texas
**ENTERED**
April 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN C. STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-19-696 |
| | § | |
| A. RICHARDSON, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Ryan C. Stewart, representing himself and without prepaying the filing fees, filed a civil rights complaint against the Joe Corley Detention Facility (JCDF) and two of its employees, A. Richardson and G. Perry. (Docket Entry No. 1, pp. 3-6). The court dismissed Perry from the case after Stewart failed to provide the information necessary to serve process on him. (Docket Entry No. 51). JCDF and Richardson answered the complaint and filed a joint motion for summary judgment. (Docket Entry Nos. 29, 43). Based on the pleadings, the motion, the record, and the law, the court grants the motion for summary judgment and enters final judgment by separate order. The reasons are explained below.

**I.     Background**

Stewart's complaint alleges that on February 10, 2019, Richardson sexually harassed him by requiring him to submit to a strip search before he would be allowed to meet with a visitor. (Docket Entry No. 1, pp. 6-7). Stewart alleges that Richardson's act was in "retaliation for my grievance written 12-25-18." (*Id.* at 6). Stewart incorporated his December 25, 2018, grievance into his complaint. (*Id.* at 4-5). That grievance alleges that Perry discriminated against Stewart

because they are from different "ethical backgrounds," but it contains no allegations of wrongdoing by Richardson. (*Id.* at 5).

In response to the court's order for a more definite statement, Stewart alleges that Richardson ordered the strip search "while wearing a Joe Corley Detention Facility/GEO uniform."[1] (Docket Entry No. 13, p. 3). He alleges that after the strip search, Richardson stayed near Stewart's cell "taunting [him] and undressing [him] with her eyes." (*Id.*). Stewart also alleges that two weeks earlier, Richardson had filed a complaint against him for trying "to initiate an inappropriate conversation with her." (*Id.*). According to Stewart, since that time, Richardson had been projecting a "sexual idoligy [sic] towards [him]." (*Id.*) He alleges that this conduct was also in retaliation for him filing grievances against her. (*Id.*).

As to JCDF, Stewart alleges that "[b]y law Joe Corley Detention Facility is responsible for anything that happens on its property or place of corporation/business." (*Id.* at 4). He alleges that any action taken by a person wearing a JCDF uniform "would be the actions of GEO." (*Id.*). He also alleges that JCDF should be held responsible as "the employer of my oppressors" and because it owns the building where the events occurred. (*Id.*).

JCDF and Richardson filed a joint answer, followed by a joint motion for summary judgment. (Docket Entry Nos. 29, 43), and Stewart filed a response. (Docket Entry No. 47).

## II. Analysis

### A. The Legal Standard for Summary Judgment

"Summary judgment is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan*

---

[1] JCDF is managed by GEO Group, Inc., which is a private corporation. *See Vargas v. Joe Corley Detention Facility*, No. H-11-1963, 2012 WL 6042201, at *1 & n.1 (S.D. Tex. Dec. 4, 2012).

*v. Cotton,* 572 U.S. 650, 656-57 (2014) (quoting FED. R. CIV. P. 56(a)).  "In making that determination, a court must view the evidence 'in the light most favorable to the [nonmoving] party.'"  *Id.* at 657 (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970)).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine [dispute] of material fact."  *Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-25 (1986)).  If the moving party satisfies its burden to show no genuine dispute of material fact, the burden shifts to the nonmoving party to show that the motion should not be granted.  *See Edwards v. Continental Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).  To meet that burden, "the nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'"  *Id.* (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  But when the undisputed facts show that the nonmoving party cannot obtain relief as a matter of law, summary judgment in favor of the moving party is proper.  *See, e.g., Beard v. Banks*, 548 U.S. 521, 553 (2006) (Ginsburg, J., dissenting) ("As the plurality recognizes, . . . there is more to the summary judgment standard than the absence of any genuine issue of material fact; the moving party must also show that he is 'entitled to judgment as a matter of law.'"); *Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) (when the facts are undisputed, the court "need only decide whether those undisputed facts . . . entitle the movant to judgment as a matter of law").  The court may grant summary judgment on any ground supported by the record, even if that ground is not raised by the moving party.  *See United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

    **B.**    **The Claims against JCDF**

JCDF is a privately operated detention facility for federal inmates managed by the GEO

Group, Inc. *See Vargas v. Joe Corley Detention Facility*, No. H-11-1963, 2012 WL 6042201, at *1 (S.D. Tex, Dec. 4, 2012). It "acts on the federal government's behalf in providing housing, maintenance, security, and transportation for federal inmates." *Aguero v. Transp. Officers*, No. H-17-1612, 2018 WL 2117339, at *2 (S.D. Tex. May 8, 2018). Even though JCDF operates as a federal detention facility, it is a private corporation.

In certain circumstances, a prisoner may bring a civil rights action against federal government agents or employees for a violation of federal or constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971). In *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001), the Supreme Court held that a prisoner cannot recover damages under *Bivens* against a private corporation for alleged constitutional deprivations that occur while it is managing a federal prison under a contract with the federal government. *See also Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017) (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012), for the proposition that JCDF and its employees cannot be held liable as private actors under *Bivens*); *Eltayib v. Cornell Cos., Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013) (same). Under *Malesko*, Stewart cannot bring a viable *Bivens* claim against JCDF—a private corporation—as a matter of law. To the extent that Stewart seeks compensatory and punitive damages under *Bivens* from JCDF for alleged violations of his federal and constitutional rights, JCDF is entitled to judgment in its favor as a matter of law.

C.     **The Claims against Richardson**

Stewart also alleges that he is entitled to compensatory and punitive damages from Richardson for her alleged sexual harassment of him and her alleged retaliation for his exercise of his grievance rights. The Supreme Court has held that an inmate cannot bring a viable *Bivens* claim against an employee of a private corporation responsible for managing a federal prison and

4

acting on behalf of the federal government. *Minneci*, 565 U.S. at 131; *see also Ayala-Gutierrez*, 697 F. App'x at 286. Under *Minneci*, Stewart cannot recover against Richardson—an employee of a private corporation—as a matter of law. To the extent that Stewart seeks compensatory and punitive damages under *Bivens* from Richardson for her alleged violations of his federal and constitutional rights, Richardson is entitled to judgment in her favor as a matter of law.

### III. Conclusion and Order

The motion for summary judgment, (Docket Entry No. 43), is granted. Stewart's claims against JCDF and Richardson are dismissed. To the extent that any of Stewart's claims might be construed as state-law tort actions, those claims are dismissed without prejudice to being refiled in state court. Any remaining pending motions are denied as moot.

SIGNED on April 15, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge